**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ancelmo Rodolfo Morales-Escobedo,<br>Petitioner,<br>v.<br>Eric Rokosky, et al,<br>Respondents. | No. CV-26-05030-PHX-MTM<br>**ORDER** |

Petitioner Ancelmo Rodolfo Morales-Escobedo, who is confined in the Eloy Detention Center, has filed a pro se Petition Under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

## I. SUMMARY OF CONCLUSION

Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a) by the Department of Homeland Security Immigration and Customs Enforcement and has been detained since May 11, 2026. Petitioner previously filed a habeas petition seeking a bond hearing. This Court granted Petitioner's habeas petition and ordered that Respondents provide Petitioner a bond redetermination hearing within seven days of its Order. However, after full consideration of the evidence, the Immigration Judge declined to grant bond finding Petitioner failed to meet his burden of proving he is not a flight risk. Petitioner claims that the government's detention without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process. However, because Petitioner has received an individualized bond determination and he remains a flight risk,

Petitioner is not constitutionally entitled to another bond hearing. The Court will deny and dismiss Petitioner's Petition for Writ of Habeas Corpus with prejudice.

## II. BACKGROUND

Petitioner is a 31-year-old citizen of Guatemala. (Doc. 1 at 9.) He entered the United States without a visa on or about April 15, 2015. (*Id.*) The record reflects that on May 11, 2026, Petitioner was driving his vehicle when he was arrested by U.S. Immigration and Customs Enforcement (ICE) during a traffic enforcement operation. (*Id.*) He was placed in ICE custody and has been detained at the Eloy Detention Center since that date.

On June 22, 2026, Petitioner filed a habeas petition challenging his immigration detention. (No. CV-26-04360-PHX-MTM, Doc. 1.) On June 26, 2026, this Court granted the petition and ordered that Respondents provide Petitioner a bond redetermination hearing within seven days of its Order. (No. CV-26-04360-PHX-MTM, Doc. 10.)

On July 6, 2026, after considering the totality of the circumstances, an Immigration Judge denied Petitioner's request for a change in custody status, finding that Petitioner failed to meet his burden of establishing that he was not a flight risk. (Doc. 9-2, Exh. B.) Specifically, the IJ considered Petitioner's immigration history, including his unlawful entry into the United States in 2015, his pending applications for immigration relief, and his marriage to a United States citizen. (*Id.*)

The IJ found that Petitioner had not established a reliable, fixed address where he would reside if released from custody. (*Id.*) The IJ identified inconsistencies in the evidence concerning Petitioner's and his proposed sponsor's residence, including documentation reflecting addresses in Nogales and Rio Rico, Arizona, and his wife's statement that they had moved to Colorado. (*Id.*) Based on these discrepancies, the IJ concluded that the record did not sufficiently establish where Petitioner intended to reside upon release, which "militates against [Petitioner's] release because he is less likely to appear for future immigration matters." (*Id.*)

The IJ further considered Petitioner's statement, through counsel, that he would not accept voluntary departure even if offered because he did not want to leave the United

States. (*Id.*) The IJ found that this express unwillingness to depart voluntarily, together with Petitioner's unlawful entry and unauthorized employment, demonstrated a disregard for immigration law and supported the conclusion that he posed an extreme flight risk. (*Id.*)

The IJ concluded that no amount of bond would reasonably assure Petitioner's appearance at future immigration proceedings or, if necessary, his removal from the United States. (*Id.*) Accordingly, the IJ determined that Petitioner had failed to establish that he did not present a significant risk of flight and denied his request for release on bond. (*Id.*) Petitioner's subsequent request for reconsideration was denied. (Doc. 9-3, Exh. C.)

## III. PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

In his Petition, Petitioner claims that the government's detention without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process. (Doc. 1.) Respondents filed a Response and Petitioner filed a Reply. (Docs. 9, 10.)

## IV. DISCUSSION

The district court is empowered to issue a writ of habeas corpus where an individual is held "in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). The language of § 2241 and "the common-law history of the writ" makes clear "that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475 484 (1973) (noting that the writ of habeas corpus "was early recognized by [the Supreme] Court as a 'great constitutional privilege'"). The Supreme Court has made clear that § 2241 applies to noncitizens challenging their immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

Because Petitioner challenges his prolonged civil detention, the Court has jurisdiction to address the instant Petition. *See Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits

of the removal order . . . .").

Section 1226(a) establishes the default framework governing discretionary immigration detention pending removal proceedings. Under that provision, DHS may arrest and detain a noncitizen and may release the individual on bond or conditional parole. 8 U.S.C. § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). Unlike other immigration detention statutes, § 1226(a) provides substantial procedural protections. Specifically, § 1226(a) and its implementing regulations "provide several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202-03 (9th Cir. 2022). These multiple layers of review distinguish § 1226(a) from other detention provisions and significantly reduce the risk of erroneous detention.

Applying the three-factor balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court concludes that Petitioner's continued detention does not violate due process and that an additional bond hearing is not constitutionally required at this time.

As to the first factor, Petitioner's private interest in freedom from physical restraint is substantial. Freedom from imprisonment lies at the core of the liberty protected by the Due Process Clause, and the Ninth Circuit has characterized this interest as "fundamental." *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017). Petitioner has remained in ICE custody since May 11, 2026, and the Court recognizes the significant restraint that continued detention imposes. This factor therefore weighs in Petitioner's favor.

The second factor – the risk of an erroneous deprivation of liberty and the probable value of additional procedural safeguards – favors Respondents. Following this Court's order granting his prior habeas petition, Petitioner received an individualized bond redetermination hearing on July 6, 2026. The IJ considered Petitioner's immigration history, pending applications for relief, marriage to a United States citizen, and proposed residence and sponsorship. These proceedings provided an opportunity for an

individualized assessment of whether continued detention was warranted.

The IJ explained the specific grounds supporting the flight-risk determination. In particular, conflicting information concerning addresses in Nogales, Rio Rico, and Colorado prevented the IJ from identifying a reliable residence for Petitioner upon release and diminished the proposed sponsor's ability to mitigate flight risk. The IJ also relied on Petitioner's statement through counsel that he would decline voluntary departure because he did not want to leave the United States, together with his unlawful entry and unauthorized employment. After considering these circumstances, the IJ concluded that no amount of bond would reasonably assure Petitioner's appearance at future proceedings or his departure if removal became necessary. Petitioner's subsequent request for reconsideration was denied.

Thus, Petitioner's claim that he is detained without a bond redetermination hearing is inconsistent with the record. He received a hearing at which the IJ considered the evidence bearing on flight risk and explained the denial of release. An adverse outcome does not itself establish that those procedures were constitutionally inadequate. *See Rodriguez Diaz*, 53 F.4th at 1212-13. Moreover, the opportunity to request another bond hearing upon a material change in circumstances provides a safeguard against continued detention if the basis for the custody determination has materially changed.

The third factor also favors Respondents. The government has substantial interests in ensuring Petitioner's appearance at future immigration proceedings and his availability for removal if ultimately ordered. *See id.* at 1208-10. Those interests are directly implicated by the IJ's individualized finding that Petitioner presented a significant flight risk. Although the administrative burden of another hearing may be relatively modest, Petitioner has already received a hearing addressing the justification for detention and has sought reconsideration of that decision. Under these circumstances, the government's interests remain substantial.

Balancing the factors, the Court concludes that Petitioner has not established that due process requires another bond hearing absent a material change in circumstances.

## V. CONCLUSION

For these reasons above, the Court finds that Petitioner is not constitutionally entitled to another bond hearing at this time. The Petition will be denied and dismissed with prejudice.

Accordingly,

**IT IS ORDERED** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED** and **DISMISSED** with prejudice;

**IT IS FURTHER ORDERED** that any pending motions are denied as moot and the Clerk of Court shall enter judgment and close this case.

Dated this 4th day of November, 2026.

Michael T. Morrissey

Honorable Michael T. Morrissey
United States Magistrate Judge